# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THERESA LOUISE RIORDAN,

      Plaintiff,

      vs.                                                                  No. CIV 97-0701 JC/JHG

UNITED PARCEL SERVICE,
a corporation, TIM GALLOWAY,
and ALLEN BAUMAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Reconsider, filed September 12, 1997. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken, and will be **denied**.

### Background

Plaintiff, Theresa Louise Riordan, was terminated from her employment with Defendant United Parcel Service (UPS) on October 2, 1992. Plaintiff's former counsel, Tandy Hunt, submitted an affidavit to the Court in which he states that he faxed Plaintiff's discrimination complaint to the New Mexico Human Rights Division (HRD) on January 10, 1993, and mailed a copy of the complaint on January 11, 1993. In 1997, the HRD notified Plaintiff that it had lost the original complaint and assigned Plaintiff's complaint a "new" complaint number.

Defendant previously moved for dismissal or summary judgment arguing that Plaintiff had not filed her complaint with the HRD within the required time period. On July 22, 1997, this Court

entered a Memorandum Opinion and Order finding that Plaintiff had satisfied the statutory deadline by mailing her complaint to the HRD within the limitations period.  Defendants now ask that the Court reconsider that ruling.

**Analysis**

A motion to reconsider is appropriate where a "court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension."  Huff v. UARCO, Inc., 925 F. Supp. 550, 561 (N.D. Ill. 1996).  Another "basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court."  Id.  A motion to reconsider is not appropriate to re-argue an issue already decided by the Court.  See Frederick v. Southeastern Penn. Transp. Auth., 926 F. Supp. 63, 64 (E.D. Pa. 1996).

Defendants' Motion to Reconsider argues that a newly-discovered letter from the HRD to Plaintiff should persuade this Court to reconsider its earlier decision.  The letter, dated February 18, 1993, is from the HRD to Plaintiff's former counsel and states that the HRD needed additional information before it could proceed on Plaintiff's behalf.  Defendants indicate that because there is no evidence that Plaintiff or her counsel responded to this letter, the letter is evidence that Plaintiff was aware that her complaint was never actually filed with the HRD.

I find Defendants' argument flawed.  The letter in question states that the HRD needs additional information before it can proceed on Plaintiff's behalf.  It does not indicate that Plaintiff's complaint would not be filed until the HRD received the additional information.  In fact, a reasonable reading of the letter might well have led Plaintiff to believe that her complaint had indeed been filed by the HRD upon its receipt since she was receiving correspondence regarding the complaint and

2

what the HRD would be able to do for her in regard to the complaint.  Furthermore, although the specific letter mentioned apparently went unanswered, there has been sufficient evidence submitted to the Court to demonstrate that Plaintiff's former counsel had not abandoned the case and was taking steps to seek a resolution of Plaintiff's legal dispute.  For these reasons, the Court will deny Defendants' Motion to Reconsider.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Reconsider (Doc. # 15) be, and hereby is, **denied**.

_____
CHIEF UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff:      Gary C. Mitchell
                            Ruidoso, New Mexico

Counsel for Defendants:     Duane C. Gilkey
                            Charles W. Weese
                            Mary Woodward
                            Albuquerque, New Mexico