IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA LOUISE RIORDAN,

    Plaintiff,

    vs.                                                  No. CIV 97-0701 JC/JHG

UNITED PARCEL SERVICE, a Corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Strike Plaintiff's Jury Demand filed March 30, 1998 (Doc. No. 36). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendant's motion is not well taken and will be **denied**.

### Background

Defendant, United Parcel Service ("UPS"), terminated Plaintiff's employment on October 2, 1992. Plaintiff claims her gender played a part in UPS's decision to terminate her. Plaintiff also claims UPS discriminated against her based on her sex and medical condition during the course of her employment.

This action was initially filed as a "Notice of Appeal of a non-determination by the New Mexico Human Rights Division" in the Fifth Judicial District Court on April 10, 1997. UPS removed the case to this Court and filed a "Response to Notice of Appeal" on May 21, 1997. Through her counsel's inadvertence, Plaintiff did not make a jury demand until February 9, 1998

(Doc. No. 27), a full eight months after the demand timeline established under Federal Rule of Civil Procedure 38. Defendant now moves to strike Plaintiff's jury demand as waived.

## Analysis

Defendant moves to strike Plaintiff's untimely jury demand on three grounds: (1) the extreme degree of untimeliness; (2) that Plaintiff would not have had notice of the absence of a jury demand if not for Defendant's revelation; and (3) "the fact that juries are much more likely to ignore legal elements of discrimination and harassment claims in order to find for a terminated employee." (Def.'s Reply Br. at 2.)

Plaintiff counters that the Court should exercise its discretion under Rule 39(b) and grant Plaintiff's motion for a jury trial. Plaintiff highlights that the untimely jury demand was due to her counsel's inadvertence. Plaintiff further argues that the granting of a jury trial will not prejudice Defendant because discovery is still in its early stages. Finally, Plaintiff argues that issues of employment discrimination are best tried before a jury.

Federal Rule of Civil Procedure 39(b) states that:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

In light of the discretionary nature of this rule, I will deny Defendant's Motion to Strike Plaintiff's Jury Demand. Defendant has not shown how a jury trial will prejudice its case. The simple fact that UPS informed Plaintiff of the absence of a jury demand is not prejudice. Neither is the possibility that the jury will be more sympathetic to Plaintiff or will disregard my instructions on the law. Twelve jurors--each presumably with years of diverse employment experience--are well suited to hear the

issues involved in an employment discrimination case. Without a showing of prejudice, I am not inclined to deny Plaintiff of this important constitutional right, especially considering the delay was due to her counsel's inadvertence. Cf. Bates v. Bd. of Regents of N. New Mexico Community College, 112 F.R.D. 586 (D.N.M. 1987) (Judge Parker granting jury trial under Rule 39(b) 18 months after filing of complaint.)

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion to Strike Plaintiff's Jury Demand, filed on March 30, 1998 (Docket No. 36), is **denied**.

DATED this 11th day of May, 1998.

*[signature]*

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:    Richard J. Valle
                          Gary C. Mitchell, P.C.
                          Ruidoso, New Mexico

Counsel for Defendant:    Duane C. Gilkey
                          Charles W. Weese
                          Gilkey, Stephenson & Weese, P.A.
                          Albuquerque, New Mexico